CHANCERY.

Case 135.

## Harding vs Wallace.

ERROR TO THE CHRISTIAN CIRCUIT.

*Awards. Notice.*

July 26.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

WHATEVER errors may have occurred to the prejudice
of Wallace, the plaintiff in the action, on the trial in
Court, they are rendered unavailing to him, and imma-
terial to the result of the case, by the conclusion to
which we have come, that the Court erred to the prej-
udice of the defendant, in quashing the award which
had been previously made under the order of reference,
and in not rendering judgment thereon. There was,
so far as appears, no defect in the award, nor irregulari-
ty in the proceedings of the referees, which authorized
the quashal of the award, and the further proceedings
in the case.

*An order of re-*
*ference not re-*
*quiring the a-*
*ward to be re-*
*turned to the*
*next Court, re-*
*mains in force.*
1. The order of reference did not require the award to
be returned to the next term of the Court, and not hav-
ing been set aside, remained in force.

*The statute re-*
*quiring copies of*
*awards to be de-*
*livered to the*
*parties, is sub-*
*stantially com-*
*plied with by de-*
*livering copies*
*fifteen days be-*
*fore the succee-*
*ding Court. The*
*failure to deliver*
*copies does not*
*vitiate awards,*
*but is ground*
*for a continu-*
*ance.*
2. The requisition of the statute as to the immediate
delivery of copies of the award to the parties, is substan-
tially complied with by delivering copies fifteen days
before the term of the Court to which the award is re-
turned. And the entire failure to deliver the copies, is
but a ground of continuance at that term: (2 *Bibb*,
161, &c.)

3. The award is certain to every reasonable intent, as
it decides expressly that the plaintiff is entitled to recov-
er nothing in the suit, and that the defendant should
have his costs.

*An award deter-*
*mining that the*
*plaintiff shall re-*
*cover nothing by*
4. The objection that the arbitrators had mistaken the
law of the case, and allowed improper evidence, or ad-

mitted a defence not allowed by law, is not supported by any evidence adduced on the motion to quash. And if the alledged error of the referees had been apparent on the face of the award, or established by evidence, it could not have been available against the award, unless so far as it might establish "corruption, partiality, or undue means," as having produced the award: (2 *Bibb,* 160;) and no charge of that kind is made or proved.

5. The presence of the plaintiff's attorney when the referees proceeded to act, and his failure then to object for want of notice, removes the ground of objection that the plaintiff had not been notified in writing, and especially as the plaintiff was a non-resident. If the place of making up the award were material, there is no proof that it was not made, as it states, at the court house, &c.

The objections made to the award being thus either unavailing in point of law, or unsupported in point of fact, it should have been made the judgment of the Court.

Wherefore, the judgment for the plaintiff, Wallace, is reversed, and the cause remanded, with directions to enter up the award returned by the referees, and make the same the judgment of the Court.

*B. & A. Monroe* for plaintiff; *Cates and Gray* for defendant.

his suit, and that defendant shall recover his costs is valid.

That arbitrators admitted improper testimony, is not a valid objection to an award, unless it show corruption, partiality, or undue means to produce the award. Where the party attended by his counsel, and the party himself a non-resident, the want of notice is waived.